GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INFORMED CONSENT ACTION NETWORK,

               Plaintiff,

               v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

               Defendant.

18 Civ. 3215 (JMF)

**ANSWER**

---

Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ( "HHS" or "Defendant"), by its attorney, GEOFFREY S. BERMAN, United States Attorney for the Southern District of New York, answers the complaint filed April 12, 2018, by plaintiff Informed Consent Action Network ( "Plaintiff"), upon information and belief as follows:

INTRODUCTION

1.      Paragraph 1 of the complaint consists of legal conclusions to which no response is required, and HHS respectfully refers the Court to the referenced statutes for their true and complete contents.

2. Paragraph 2 of the complaint consists of legal conclusions to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

3. With respect to the allegations in paragraph 3 of the complaint, admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director and Principal Deputy Director of the National Institutes of Health were present, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 3 of the complaint.

4. With respect to the allegations in the first sentence of paragraph 4 of the complaint, admits that Plaintiff submitted a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to HHS dated August 25, 2017 (the "FOIA Request"), avers that HHS received the FOIA Request on August 28, 2017, and respectfully refers the Court to the referenced FOIA Request for its true and complete contents. The second sentence of paragraph 4 of the complaint consists of legal conclusions to which no response is required, and to the extent a response is deemed required, denies the allegations. The third sentence of paragraph 4 of the complaint consists of Plaintiff's characterization of this action to which no response is required, and to the extent a response is deemed required, denies the allegations.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Paragraph 6 of the complaint consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant avers that HHS is a federal agency in the executive branch of the United States government.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the complaint consists of legal conclusions to which no response is required.

## BACKGROUND

8.      Paragraph 8 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.      Paragraph 9 of the complaint consist of legal conclusions and citations to which no response is required, and HHS respectfully refers the Court to the referenced legal authorities for their true and complete contents.

10.     With respect to the first sentence of paragraph 10 of the complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations. The second sentence of paragraph 10 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced legal authorities for their true and complete contents.

11.     Paragraph 11 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

12.     Paragraph 12 of the complaint consists of legal conclusions to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

13. Paragraph 13 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

14. Paragraph 14 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

15. Paragraph 15 of the complaint consists of legal conclusions to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

16. Paragraph 16 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

17. Paragraph 17 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

18. Paragraph 18 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, and respectfully refers the Court to the referenced documents for their true and complete contents.

19. With respect to the allegations in paragraph 19 of the complaint, admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director and Principal Deputy Director of the National Institutes of Health were present, but denies knowledge or

13. Paragraph 13 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

14. Paragraph 14 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

15. Paragraph 15 of the complaint consists of legal conclusions to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

16. Paragraph 16 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

17. Paragraph 17 of the complaint consists of legal conclusions and characterizations to which no response is required, and HHS respectfully refers the Court to the referenced statute for its true and complete contents.

18. Paragraph 18 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, and respectfully refers the Court to the referenced documents for their true and complete contents.

19. With respect to the allegations in paragraph 19 of the complaint, admits that a meeting occurred on May 31, 2017, at which Plaintiff's founder and the Director and Principal Deputy Director of the National Institutes of Health were present, but denies knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 19 of the complaint.

## THE FOIA REQUEST

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint, and avers that HHS received the FOIA Request on August 28, 2017.

21.     Admits that HHS sent Plaintiff a letter dated November 8, 2017, in response to the FOIA Request, and respectfully refers the Court to the referenced document for its true and complete contents.

22.     Admits the allegations in the first and second sentences of paragraph 22 of the complaint. With respect to the third sentence of paragraph 22 of the complaint, admits that HHS did not respond to emails sent on January 23, 2018, January 30, 2018, and February 6, 2018, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

23.     Admits the allegations in paragraph 23 of the complaint, respectfully refers the Court to the referenced documents for their true and complete contents, and avers that Plaintiff filed the instant complaint 22 working days after the administrative appeal, before the agency rendered an appeal decision.

## REQUESTED RELIEF

24.     The unnumbered paragraph beginning with "WHEREFORE" on page 9 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the requested relief or any relief.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing this action.

### THIRD DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

### FOURTH DEFENSE

At all times alleged in the complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### FIFTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

### SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief, 5 U.S.C. § 552(a)(4)(B).

### SEVENTH DEFENSE

Defendant asserts that it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained during litigation.  Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

WHEREFORE, Defendant respectfully requests this Court to dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: New York, New York
June 1, 2018

                                      GEOFFREY S. BERMAN
                                      United States Attorney for the
                                      Southern District of New York
                                      *Attorney for Defendant*

By:   s/ Anthony J. Sun
        ANTHONY J. SUN
        Assistant United States Attorney
        86 Chambers St., 3rd Floor
        New York, New York  10007
        (212) 637-2810
        anthony.sun@usdoj.gov

To:    Aaron Siri, Esq. (via ECF)
        Siri & Glimstad LLP
        200 Park Avenue, 17th Floor
        New York, NY 10166

        - and -

        Robert F. Kennedy, Jr., Esq. (via First-Class Mail)
        Kennedy & Modonna LLP
        48 Dewitt Mills Road
        Hurley, NY 12443

        *Attorneys for Plaintiffs*